IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marlin Elrico Coffy, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-236-BHH |
| v. ) | |
| ) | **ORDER** |
| Officer Michael S. Hannon, Jr., #692; ) | |
| PFC Kevin Dani Herbst, #681; ) | |
| Sgt. Robert Blaschke, #665; ) | |
| FTO Douglas Richards, #717; and ) | |
| PFC Ditrrich, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Malin Elrico Coffy, Sr.'s ("Coffy" or "Plaintiff") pro se amended complaint seeking relief pursuant to 42 U.S.C. § 1983 for purported violations of his Fourth and Fourteenth Amendment rights. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On May 22, 2023, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court stay Plaintiff's Fourth Amendment claim for monetary damages pending the outcome of his state criminal proceedings and summarily dismiss all remaining claims without further leave to amend. Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of receiving a copy. Plaintiff filed objections on May 31, 2023. (ECF No. 25.) Plaintiff also filed a number of letters in September and October, indicating in one filed on October 5, 2023, that his state criminal charges were

dismissed on September 29, 2023, and that he was convicted on other charges. (*See* ECF No. 32.)

## BACKGROUND

In his amended complaint, Plaintiff challenges his arrest at Walmart in Mount Pleasant, South Carolina, asserting that he was racially profiled as a shoplifter and that he was subsequently framed for armed robbery by officers with the Mount Pleasant Police Department. (ECF No. 18 at 2.) Plaintiff's amended complaint raises claims of false arrest and denial of equal protection under the law, in violation of the Fourth and Fourteenth Amendments, respectively. In his request for relief, Plaintiff asks the Court to dismiss the armed robbery charge pending before him and to award him monetary damages, among other relief.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge found that Plaintiff's claims for injunctive relief are barred by the *Younger* abstention doctrine. As the Magistrate Judge explained, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably

interfere with state criminal proceedings "except in the most narrow and extraordinary circumstances." *See Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Magistrate Judge further explained that the Fourth Circuit has set forth the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994).

The Magistrate Judge found *Younger* abstention appropriate because (1) Plaintiff is involved in ongoing criminal proceedings; (2) the state's interest in administering its criminal justice system free from federal interference is "one of the most powerful of the considerations that should influence a court considering equitable types of relief"; and (3) Plaintiff can address his equitable claims in the pending criminal proceedings. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Magistrate Judge also found that Plaintiff's amended complaint does not reflect the type of extraordinary circumstances that would warrant federal interference in a pending state criminal case.

Next, however, as to Plaintiff's claims for damages, the Magistrate Judge explained that *Younger* and its progeny generally require courts to stay, rather than abstain from and dismiss, suits for monetary relief where the same issues are pending before a state court. After reviewing Plaintiff's amended complaint, the Magistrate Judge found Plaintiff's allegations sufficient to allege falsity for purposes of his Fourth Amendment claim and recommended that the Court stay this claim pending resolution of Plaintiff's criminal proceedings. As to Plaintiff's Fourteenth Amendment claim for damages, however, the

3

Magistrate Judge found that Plaintiff's bald allegations were insufficient to state a plausible claim and recommended that the Court summarily dismiss the claim without further leave to amend.

Plaintiff's objections to the Magistrate Judge's Report are difficult to decipher, but he clearly moves "to strike the official capacity injunctive relief claims in its totality from the pleading." (ECF No. 25 at 1.) Specifically, Plaintiff states that "[t]he remedy that Plaintiff is seeking is to be compensated for his injury monetarily," and he appears to agree with a particular portion of the Magistrate Judge's Report, which he repeats in his objections. In other words, Plaintiff asserts that "since he's striking the equitable relief his claims for monetary relief shall go forward." (*Id.* at 2.) Thus, it appears that Plaintiff no longer wishes to pursue his claims for equitable relief, which has the effect of rendering moot the portion of the Magistrate Judge's Report that recommends that the Court abstain under *Younger* from considering Plaintiff's claims for equitable relief.

Next, the Court notes that Plaintiff does not specifically object to the Magistrate Judge's recommendation that the Court dismiss his Fourteenth Amendment Equal Protection Claim for monetary damages. Rather, Plaintiff states that "the case shall proceed as to his Fourth Amendment Claim [for monetary damages]. . . ." (ECF No. 25 at 2.) After review, the Court agrees with the Magistrate Judge that Plaintiff's unsupported, bald, race-based allegations fall short of alleging an equal protection violation, and the Court thus finds this claim subject to summary dismissal.

Finally, as to Plaintiff's Fourth Amendment claim for monetary damages, which the Magistrate Judge recommends be stayed, the Court notes that in a recent letter, Plaintiff asserts that his state criminal charges were dismissed in September, which would

effectively change the legal landscape and impacts the Magistrate Judge's analysis. (ECF No. 32.)  In other words, assuming Plaintiff is correct that his state criminal charges were dismissed, then a stay of his Fourth Amendment claim for monetary damages may no longer be appropriate.

After review, the Court sustains Petitioner's objections to the extent he seeks to dismiss his equitable claims and proceed solely on his Fourth Amendment claims for monetary damages.  The Court adopts the Magistrate Judge's recommendation regarding dismissal of Plaintiff's Fourteenth Amendment claim for monetary damages, and the Court remands the matter to the Magistrate Judge for further proceedings as to Plaintiff's Fourth Amendment claim for monetary damages, in light of Plaintiff's assertion that his state criminal charges were dismissed in September.

## **CONCLUSION**

After review, the Court sustains Plaintiff's objections (ECF No. 25) by granting Plaintiff's request to dismiss his equitable claims and proceed solely on his Fourth Amendment claim for monetary damages.  Next, the Court finds moot in part and adopts in part the Magistrate Judge's Report (ECF No. 21).  Specifically, the Court finds moot the Magistrate Judge's findings as to *Younger* abstention of Plaintiff's claims for equitable relief and as to a stay of Plaintiff's Fourth Amendment claim for monetary damages, and the Court adopts the Magistrate Judge's recommendation regarding dismissal of Plaintiff's Fourteenth Amendment claim for monetary damages.  Lastly, the Court remands the case to the Magistrate Judge for further consideration of Plaintiff's Fourth Amendment claim for monetary damages in light of Plaintiff's assertion that his state criminal charges were dismissed in September.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks<br>United States District Judge

November 15, 2023
Greenville, South Carolina