IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Marlin Elrico Coffy, Sr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Officer Michael S. Hannon, Jr., #692; ) <br> PFC Kevin Dani Herbst, #681; ) <br> Sgt. Robert Blaschke, #665; ) <br> FTO Douglas Richards, #717; ) <br> and PFC Ditrrich,[1] ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 2:23-cv-236-BHH <br><br> **ORDER** |

This matter is before the Court on Plaintiff Marlin Elrico Coffy, Sr.'s ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983, wherein he challenges his arrest for armed robbery and asserts that he was racially profiled and subsequently framed by officers with the Mount Pleasant Police Department. (ECF No. 18.) On December 29, 2023, Defendants Officer Michael S. Hannon, Jr., PFC Kevin Dani Herbst, Sgt. Robert Blaschke, FTO Douglas Richards, and PFC Dittrich filed a motion to dismiss. (ECF No. 46.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 26, 2024, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Defendants' motion to dismiss. (ECF No. 66.) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days

---

[1] The correct spelling of this Defendant's name appears to be Dittrich. (*See* ECF No. 46 at 1.)

of being served with a copy.

On March 11, 2024, Defendants filed objections to the Magistrate Judge's Report. (ECF No. 73.) In their objections, Defendants do not object to the portion of the Magistrate Judge's Report that recommends dismissal of Plaintiff's § 1983 claims to the extent Plaintiff asserts them against Defendants in their official capacities. (*Id.* n.1.) However, Defendants do object to the Magistrate Judge's recommendation that the Court deny Defendants' motion to dismiss on the basis of their argument that the Court lacks personal jurisdiction over them because Plaintiff failed to properly serve them in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Defendants also object to the Magistrate Judge's finding that Plaintiff has sufficiently alleged a § 1983 claim for violation of the Fourth Amendment.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After consideration of Defendants' objections to the Report, and after a *de novo* review of the record, the Court finds no basis, at this time, to depart from the Magistrate Judge's findings in her Report, and the Court agrees with her analysis. Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 66), and the Court denies Defendants' motion to dismiss (ECF No. 46).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 25, 2024
Charleston, South Carolina