IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marlin Enrico Coffy, Sr.,, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-236-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Officer Michael S. Hannon, Jr., #692; | ) | |
| PFC Kevin Dani Herbst, #681; | ) | |
| Sgt. Robert Blaschke, #665; | ) | |
| FTO Douglas Richards, #717; | ) | |
| and PFC Ditrrich, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Marlin Enrico Coffy, Sr.'s ("Plaintiff")
pro se complaint against the above-named Defendants ("Defendants"), wherein he alleges
violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On September 30 and
October 24, 2024, Plaintiff filed motions for summary judgment. (ECF Nos. 155, 178.) On
November 27, 2024, Defendants also filed a motion for summary judgment. (ECF No.
193.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this
matter was referred to a United States Magistrate Judge for preliminary review.

On February 20, 2025, United States Magistrate Judge Mary Gordon Baker issued
a Report and Recommendation ("Report"), outlining the issues and recommending that the
Court grant Defendants' motion for summary judgment and deny Plaintiff's motions for
summary judgment. (ECF No. 213.) Specifically, the Magistrate Judge agreed with
Defendants that Plaintiff has not shown that he had legal ownership or a possessory

---

[1] Defendant Hannon was dismissed from this action on August 18, 2024, and the correct spelling of
Defendant Ditrrich is "Dittrich." (*See* ECF Nos. 117, 128, 193 at 1.)

interest in the vehicle that was searched or in the tools that were seized from the vehicle. (*Id.* at 16-17.)  Additionally, the Magistrate Judge found that, even if Plaintiff did have a reasonable expectation of privacy in the vehicle and the tools, the inventory search was objectively reasonable under the Fourth Amendment.  (*Id.* at 17-19.) Furthermore, because Defendants are government officials, the Magistrate Judge found that they are entitled to a finding of qualified immunity because Plaintiff has not demonstrated that Defendants violated his constitutional rights.  (*Id.* at 19-20.)  In all, the Magistrate Judge determined that Defendants are entitled to summary judgment on Plaintiff's Fourth Amendment claim and Plaintiff is not entitled to summary judgment.

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy.  On March 6, 2025, Plaintiff filed a single-paged response to the Magistrate Judge's Report.  (ECF No. 218.)  In his response, however, Plaintiff "does not dispute his summary judgment being denied at this time," but instead asks "that a court trial date be set in the matter" and that certain individuals be subpoenaed as witnesses.  (ECF No. 218.) Importantly, nowhere in his response does Plaintiff specifically object to the Magistrate Judge's findings: (1) that Plaintiff lacked a reasonable expectation of privacy in the vehicle or tools to support a Fourth Amendment claim; (2) that even if Plaintiff did have a reasonable expectation of privacy, the search was objectively reasonable under the Fourth Amendment; or (3) that Defendants are entitled to qualified immunity.  (*See id.*)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court

2

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed specific objections to the Magistrate Judge's Report, the Court has reviewed the record, the applicable law, and the Magistrate Judge's findings for clear error. After review, the Court finds no clear error. In addition, the Court notes that its findings would be the same even after a *de novo* review. Stated plainly, the Court finds that the Magistrate Judge fairly and accurately summarized the evidence of record and the applicable law, and the Court fully agrees with the Magistrate Judge's analysis and finds that nothing in Plaintiff's response alters this analysis. As the Magistrate Judge properly concluded, Plaintiff has not demonstrated that he had a reasonable expectation of privacy in the vehicle or the tools seized from the vehicles. Furthermore, even if Plaintiff did have a reasonable expectation of privacy, the Court agrees with the Magistrate Judge that the evidence of record indicates that the search and seizure were objectively reasonable under the Fourth Amendment. Lastly, the Court also agrees with the Magistrate Judge that Defendants are entitled to a finding of qualified immunity because Plaintiff has not shown that Defendants violated his constitutional rights.

3

**Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 213); the Court denies Plaintiff's motions for summary judgment (ECF Nos. 155, 178); and the Court grants Defendants' motion for summary judgment (ECF No. 193).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 13, 2025
Charleston, South Carolina

4